UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Reading)

| | |
|---|---|
| **In Re:** | : |
| | : **Chapter 13** |
| **Jacqueline Amaro** | : **Case No. 19-17699-PMM** |
| **Miguel Amaro** | : |
| Debtors, | : |
| ------------------------------------------------- | : |
| U.S. Bank Trust National Association, | : |
| as Trustee of the Igloo Series IV Trust | : |
| | : |
| Movant, | : |
| v. | : Hearing: June 23, 2020, at 10:00 a.m. |
| | : Courtroom: 4th Floor |
| Jacqueline Amaro | : |
| Miguel Amaro | : |
| Debtors, | : |
| and | : |
| Scott Waterman, Esquire | : 11 U.S.C. §362(d) |
| Trustee, | : |
| Respondents. | : |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES IV TRUST FOR RELIEF FROM THE AUTOMATIC STAY *NUNC PRO TUNC* AS OF DECEMBER 10, 2019
AS TO CERTAIN REALTY KNOWN AS
7021 HOPKINS STREET, CHARLOTTE, NC 28269**

U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust by and through their attorney, Brian E. Caine, Esq. of the law firm of Parker McCay P.A., hereby moves this Court for relief from the automatic stay and avers as follows:

1. Movant is U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust (hereinafter "Movant"), and is the proper party in interest to move for such relief.

2. On July 27, 2007, Miguel Amaro executed a Note, and Jacqueline Amaro and Miguel Amaro (hereafter "Debtors") executed a Mortgage (Deed of Trust against the property known 7021 Hopkins Street, Charlotte, NC 28269 in which Debtors were the title holder.

3. The mortgage/deed of trust was recorded with the Recorder of Deeds in Mecklenburg County, North Carolina on September 27, 2019, at Book 22588, Page 650 as instrument #2017155165. See Exhibit A.

4. 7021 Hopkins Street, Charlotte, NC 28269 is the "Subject Property" at issue.

5. Said mortgage/deed of trust was assigned to the Movant on September 27, 2019, and said assignment of mortgage was recorded with the Recorder of Deeds in Mecklenburg County, North Carolina on September 27, 2019, at Book 33890, Page 310 as instrument #2019129291, and is a matter of public record. (Please see note, mortgage, loan modification and assignments of mortgage attached here as Exhibit A).

6. SN Servicing Mortgage Corporation serviced the mortgage/deed of trust on the Subject Property.

7. Debtors' Chapter 13 petition was filed on December 20, 2019.

8. The Debtors' pending Second Amended Chapter 13 Plan filed on June 1, 2020 does not provide for repayment on the loan. The Debtors removed treatment from the prior chapter 13 plans.

**SUBJECT PROPERTY SOLD AT SHERIFF SALE**

9. Prior to the filing of this bankruptcy case, the Subject Property was sold at auction on November 13, 2019, at the Mecklenburg County Courthouse, North Carolina, and the property was sold to a 3rd Party. (A copy of the Trustee's Deed is attached hereto as Exhibit "B").

10. As the sale took place on November 21, 2019, the Debtors would have had through December 2, 2019 to redeem the property (North Carolina provides for a ten (10) day "upset bid" period). After the upset bid period has passed, the parties' rights (including the purchaser's rights) in the property are "fixed" and the borrower no longer has an "Equity of Redemption" *In Re*

*Smith*, 24 B.R. 19, 23 (Bankr WDNC 1982) and the foreclosure sale becomes final. (N.C. Gen. Stat. § 45-21.20, N.C. Gen. Stat. § 45-21.27).

11. Under section 1322(c)(1) of the Bankruptcy Code, a debtor's right to cure a default in a home mortgage ends when a debtor's residence "is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ." In North Carolina, a property has been "sold at a foreclosure sale" for purposes of section 1322(c)(1) when the property has been auctioned at a sale that was conducted in accordance with state procedural requirements and the ten-day upset bid period has expired without any upset bids being filed. See *In re Barham*, 193 B.R. 229 (Bankr. E.D.N.C. 1996).

12. The Debtors filed bankruptcy on December 10, 2019, outside of the upset bid period.

13. Upon information and belief, the Debtors are not residing the in the Subject Property.

14. The property was sold to a 3rd party.

15. The Debtors do not have the right to cure the mortgage arrears through a chapter 13 plan.

16. Section 105 did not extend the Debtors' right of redemption.

17. The Subject Property is not property of the estate (*In Re Chevette Demetrous Holt*, MDNC, 04-1384, June 3, 2005)

18. Although the foreclosure sale was final, the Deed was delivered after the filing of the bankruptcy case.

**TUNC PRO TUNC RELIEF**

19. Movant respectfully requests that the Court enter an Order granting relief from the automatic stay pursuant to *11 U.S.C. §362(d)*, Nunc Pro Tunc as of December 10, 2019.

20. As this the Subject Property sold and there is no reorganizational purpose with respect to the Subject Property, it is believed that the Debtors have no interest in the Subject Property and it is not part of the bankruptcy estate.

21. Pursuant to the foregoing, Movant contends that cause exists to grant it an order annulling the automatic stay as it applies to Movant, *nunc pro tunc*, as of December 10, 2019 as well as the other relief it is seeking. *See, In re Sciliano*, 13 F.3d 748 (3d Cir.1994) which held that any creditor action taken in violation of the automatic stay is generally *void ab initio*; however, bankruptcy courts may grant retroactive relief from the automatic stay and thereby validate proceedings that would otherwise be *void ab initio*. *Id.* at 751. *See also In re Askew*, 2004 Bankr. Lexis 985. It is clear from the facts of this case that Movant conducted its foreclosure action in good faith. Absent the relief sought, Movant will be unduly harmed by a potential cloud on title such that the deed was delivered after the filing of the bankruptcy case, although the property was not property of the estate. Movant contends that such a result is equitable, especially in light of the fact that Debtors are not residing in the property.

22. Out of abundance of caution, Movant respectfully requests relief from the automatic stay pursuant to *11 U.S.C. §362(d)* and *nunc pro tunc* relief dating the back to the date of the filing.

23. No brief is necessary, as the facts the petition relies upon do not present complicated question of fact or unique question of law.

24. Pursuant to the foregoing, Movant contends that cause exists to grant it relief from the Automatic Stay.  Accordingly, Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1) *nunc pro tunc* as of December 10, 2019.

25. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen day period set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen day period.

26. In the event this Court should grant the relief requested, Movant should be relieved of the filing and notice requirements of FRBP 3002.1(b & c) as the mortgage claim would then be under the control of the Mortgagor

27. The other Respondent is the Chapter 13 Trustee appointed in the above-captioned Chapter 13 proceeding.

WHEREFORE, Movant respectfully requests that the Court enter an Order which grants it relief from the Automatic Stay, *nunc pro tunc* as of December 10, 2019 along with all other relief the Court deems just and equitable under the circumstances.

I CERTIFY under penalty of perjury that to the best of my knowledge the foregoing information submitted in this motion is true and correct.

Dated:  June 1, 2020

By: /s/ Brian E. Caine
**BRIAN E. CAINE, ESQ.**
ATTORNEY FOR MOVANT
PA ID# 86057
Parker, McCay, P.A.
9000 Midlantic Drive, Ste 300
P.O. Box 5054
Mt. Laurel, NJ 08054
(856) 985-4059
bcaine@parkermccay.com